UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARISMA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-1175-G |
| | ) |
| HALSTED FINANCIAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On December 22, 2023, Plaintiff Charisma Jones, appearing through counsel, filed a Complaint (Doc. No. 1), bringing claims against Defendant Halsted Financial Services for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.

Now before the Court is Defendant's Motion to Dismiss (Doc. No. 3), seeking dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See id.*; *see also* Def.'s Br. (Doc. No. 4). Plaintiff has filed a Response (Doc. No. 10).

I.   *Plaintiff's Allegations*

In her Complaint, Plaintiff alleges that she is currently employed at the University of Central Oklahoma, working Monday through Friday, 8:00 a.m. to 5:00 p.m. *See* Compl. at 2. Plaintiff further alleges that Defendant is an entity that is engaged in the collection of debt from consumers and is a "debt collector" as defined by the FDCPA. *Id.* at 2, 11.

On May 29, 2023, at 3:29 p.m., Plaintiff "[m]issed a telephone call from Defendant." *Id.* ¶ 7.

On or about June 30, 2023, at 3:04 p.m., Plaintiff received a telephone call from Defendant. *Id.* ¶ 8. "Defendant indicated that it was attempting to collect on an alleged debt . . . in the amount of $1,085.78." *Id.* Plaintiff informed Defendant's representative: "I'm at work[,] and it's not a good time to talk." *Id.* Defendant responded, "just call[] us back for payment arrangement or settlement for you to pay this off once and for all." *Id.*

On or about July 18, 2023, at 3:22 p.m., Defendant called Plaintiff while Plaintiff was at work. *Id.* ¶ 9. When Plaintiff missed the call, Defendant left a voicemail "attempting to collect the alleged debt" and requesting that Plaintiff call back. *Id.*

On or about July 21, 2023, at 3:26 p.m., Plaintiff returned Defendant's call. *Id.* ¶ 10. Defendant quickly informed Plaintiff that the call was "an attempt to collect a debt." *Id.* Plaintiff replied, "I'm at work[,] and it's not a good time to talk." *Id.*

II.   Standard of Review

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Rule 12(b)(6) standard does not require that a plaintiff establish a

prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id.* at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III.    *Defendant's Motion to Dismiss*

Plaintiff asserts that Defendant's telephone call of July 18, 2023, was made in violation of 15 U.S.C. § 1692c(a)(1) and (a)(3). *See* Compl. ¶¶ 9-10, 12-17. Plaintiff requests an award of statutory and actual damages based upon Defendant's illegal collection communications. *See id.* at 12, 14.

To establish a claim for violation of the FDCPA, a plaintiff generally must show: (1) that he or she is a natural person and "consumer" within the meaning of the statute; (2) the subject debt is an "obligation or alleged obligation to pay money arising out of a transaction" that is primarily to "personal, family, or household purposes"; (3) the defendant is a "debt collector" as defined by the statute; and (4) the defendant's act or omission in connection with collecting the debt violated the statute. *Heejoon Chung v. U.S. Bank*, 250 F. Supp. 3d 658, 680 (D. Haw. 2017); *Ator v. Performant Recovery, Inc.*,

3

No. 1:19-cv-02329, 2020 WL 13442029, at *1-2 (D. Colo. Oct. 1, 2020); 15 U.S.C. § 1692a(3), (5), (6).

Defendant attacks the pleading as to the fourth element, contending that the Complaint fails to present factual allegations plausibly showing that Defendant's communications with Plaintiff violated either § 1692c(a)(1) or § 1692c(a)(3). *See* Def.'s Br. at 2-3, 4-11. The Court agrees.

### A. *15 U.S.C. § 1692c(a)(1)*

Pursuant to 15 U.S.C. § 1692c(a)(1):

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--
>
> > (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location[.]

15 U.S.C. § 1692c(a)(1).

As excerpted above, Plaintiff alleges in relevant part that on or about June 30, 2023, at 3:04 p.m., Plaintiff received a telephone call from Defendant, that Defendant informed her it was attempting to collect on an alleged debt, and that Plaintiff informed Defendant that she was "at work and it's not a good time to talk." Compl. ¶ 8. Defendant responded by asking that Plaintiff call Defendant back. *Id.* Then, on or about July 18, 2023, at 3:22 p.m., Defendant called Plaintiff while Plaintiff was at work. *Id.* ¶ 9. When Plaintiff missed

the call, Defendant left a voicemail "attempting to collect the alleged debt" and requesting that Plaintiff call back. *Id.*

Even construed in Plaintiff's favor, these allegations do not plausibly establish that Defendant's 3:22 p.m. call of July 18, 2023, was placed at "a time or place known or which should [have been] known to be inconvenient to" Plaintiff. 15 U.S.C. § 1692c(a)(1). Plaintiff does not allege that she informed Defendant that communication at that "presumptively convenient" time or on that day would be inconvenient or otherwise present any basis to find that Defendant knew or should have known of the alleged inconvenience. *Ator*, 2020 WL 13442029, at *3. And Plaintiff's Response, which is less a brief than a disjointed series of bare legal holdings, fails to provide the requisite factual detail to allow a plausible inference of such knowledge on the part of Defendant. *See, e.g.*, Pl.'s Resp. at 8 ("As alleged in the Complaint Plaintiff told the Defendant *twice* 'I'm currently at work so it's not a good time to talk' this action is untimely [sic] a material fact question left for a jury Plaintiff has put Defendant on notice of the illegal conduct violating 1692c(a)(1), (3) of the FDCPA.").

Because the Complaint fails to "nudge[] [this] claim[] across the line from conceivable to plausible," it must be dismissed pursuant to Rule 12(b)(6). *Twombly*, 550 U.S. at 570; *see Ator*, 2020 WL 13442029, at *3 (granting judgment to debt collector on § 1692c(a)(1) claim where the plaintiff never "suggested or expressly communicated to [the debt collector] it was calling at inconvenient times or places").

### B. 15 U.S.C. § 1692c(a)(3)

Section 1692c(a)(3) prescribes that, without prior approval, "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c(a)(3).

Plaintiff's allegations, set forth above, fail to establish that Defendant's calls were made to or "at [Plaintiff's] place of employment." *Id.* The Complaint more plausibly reflects that the calls were made to Plaintiff's own cell phone at a time when Plaintiff happened to be at work. *See* Compl. ¶¶ 8-10. Several federal district courts have rejected claims for violation of 15 U.S.C. § 1692c(a)(3) for debt collector calls made to the plaintiff's personal cell phone, rather than to an employer's landline or a work cell phone. *See, e.g.*, *Levy v. Client Servs., Inc.*, No. 2:23-cv-01099, 2024 WL 2185737, at *3 (D. Nev. May 15, 2024) ("Calls made to a personal cell phone that are received at work are not calls made to a place of employment within the FDCPA's meaning." (citing cases)). The Court finds these decisions persuasive and concludes that Plaintiff has failed to allege a claim for violation of § 1692c(a)(3) upon which relief can be granted.

In addition, Plaintiff's allegations do not show that Defendant knew or had reason to know that Plaintiff's employer "prohibit[ed] [Plaintiff] from receiving such communication." 15 U.S.C. § 1692c(a)(3). To the contrary, Plaintiff's allegation that she checked her voicemail and returned Defendant's phone call during a time that she stated she "was at work" more plausibly establishes that Plaintiff was permitted to engage in such

6

communications while at her place of employment. *See* Compl. ¶¶ 9-10. Plaintiff's claim is likewise subject to dismissal under Rule 12(b)(6) on this basis. *See Castellanos v. JPMorgan Chase & Co.*, No. 09-CV-00969, 2009 WL 1833981, at *7-8 (S.D. Cal. June 23, 2009).

## CONCLUSION

For the foregoing reasons, Defendant Halsted Financial Services' Motion to Dismiss (Doc. No. 3) is GRANTED. Plaintiff Charisma Jones' claims are DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A separate judgment shall be entered.

IT IS SO ORDERED this 28th day of August, 2024.

_____
CHARLES B. GOODWIN
United States District Judge